## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Ryan S. Burke, depose and state as follows:

## AGENT BACKGROUND

1.  I am a Special Agent of the Federal Bureau of Investigation ("FBI") and have been so employed since October 2012. I am currently assigned to the FBI's New Hampshire Resident Agency where I am tasked with investigating violent criminals and major offenders throughout the state. I primarily work alongside the Manchester Police Department ("MPD") as part of an initiative focused on reducing gun violence and other crime in the city of Manchester.

2.  Throughout my career, I have led and/or been involved with investigations of robberies, kidnappings, murders, fugitives, extortions, threats, drug distribution, illegal possession of firearms, and other crimes. My investigations have included the use of the following investigative techniques: physical surveillance; handling of cooperating sources and witnesses; exploitation of cellular, social media, and Internet Protocol ("IP") based communications data; execution of search and seizure warrants; wire, electronic, and oral wiretaps; and the execution of arrest warrants.

3.  Based on my training, experience, and information provided to me by other law enforcement officers, I am familiar with the modus operandi used by individuals engaged in the violation of various criminal offenses, such as those related to acts of violence, firearms, and controlled substances. For example, I have handled many cooperating sources and witnesses who have provided information to me specifically related to shootings, the distribution of controlled substances, and various firearms offenses. I have also reviewed thousands of court-authorized wiretap intercepts between drug traffickers, violators of firearm offenses, individuals conspiring to commit armed robberies, and individuals engaged in the violation of other offenses. Many of

these investigations have resulted in the execution of search warrants, arrest warrants, and eventual convictions.

## PURPOSE OF AFFIDAVIT

4.   I submit this affidavit in support of a Criminal Complaint to support the arrest of and to charge Ethan Lea (YOB: 1990) with possession with intent to distribute 50 g or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(viii).

5.   The information set forth in this affidavit is based on my personal participation in this investigation, as well as my training and experience, and information received from other law enforcement officers. I have not set forth every detail I or other law enforcement officers know about this investigation but have set forth facts that I believe are sufficient to evaluate probable cause of the issuance of the requested Criminal Complaint.

## PROBABLE CAUSE

6.   On June 13, 2021, MPD conducted a motor vehicle stop of Lea and his associate in a white Subaru Legacy for various traffic infractions. During the traffic stop, the MPD officer observed Lea and his associate making furtive movements indicative of individuals attempting to hide various items in the car. Once the officer made contact with both individuals, the officer could see white powder in the associate's nostril which was believed to be the remnants of controlled substances. Furthermore, drug paraphernalia could be seen in plain view within the car. As a result, the Subara Legacy was seized pending application for a search warrant.

7.   On June 23, 2021, the Honorable Justice N. William Delker (Hillsborough County Superior Court – North) authorized a warrant to search the Subaru Legacy. The search of the vehicle resulted in the seizure of approximately 284.5 grams of a substance which field-tested

positive for methamphetamine (using laser drug-testing equipment), 85.9 grams of a substance believed to be heroin/fentanyl, and 7.5 grams of a substance which field-tested positive for crack cocaine (using a NARK test). Based on the training and experience of law enforcement who observed these substances, the substances also appeared consistent with methamphetamine, heroin/fentanyl, and crack cocaine, respectively. The search also resulted in the seizure of a digital scale commonly used by drug traffickers. These items were all retrieved from a backpack located in the area where Lea had been sitting during the motor vehicle stop. Consequently, a state warrant was issued for Lea's arrest for Controlled Drug Violations [RSA 318-B:2].

8. On July 30, 2021, MPD conducted another motor vehicle stop of Lea – this time in a black Audi A4. He was the driver and sole occupant of the vehicle. He was arrested pursuant to the outstanding state warrant detailed above and the Audi A4 was seized pending application for a search warrant which was ultimately granted. The search of the vehicle resulted in the seizure of approximately $2,408 in US currency, approximately 464.7 grams of a substance believed to be methamphetamine, and two digital scales commonly used by drug traffickers. Consequently, another warrant was issued for Lea's arrest for Controlled Drug Violations [RSA 318-B:2]

9. On August 19, 2021, Lea was detained pursuant to the aforementioned state arrest warrant stemming from the second motor vehicle stop. Lea was informed of Miranda rights, acknowledged his understanding of those rights, and signed a form to memorialize his willingness to answer questions without an attorney present. In the audio-video recorded interview that followed, Lea admitted that the controlled substances from both car stops belonged to him and he possessed those controlled substances with the intent to distribute them. Furthermore, Lea admitted to actively distributing large quantities of methamphetamine, heroin/fentanyl and cocaine on a

near-daily basis within the District of New Hampshire over approximately the past three months since his release from state prison.

10. Based on my training and experience, and the information provided to me by other law enforcement personnel, the large quantities of methamphetamine seized from Lea, which are consistent with distribution instead of possession, and Lea's statements, I believe Lea possessed 50 g or more of a mixture or substance containing methamphetamine with the intent to distribute it.

## CONCLUSION

11. Based on the foregoing, I submit that there is probable cause to believe that Lea possessed with the intent to distribute 50 g or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(viii). Therefore, I respectfully request that a Criminal Complaint be issued to support the filing of said charge and the issuance of an arrest warrant for Lea.

        /s/ Ryan S. Burke_____
        Ryan S. Burke, Special Agent
        Federal Bureau of Investigation

The affiant appeared before me by telephonic conference on this date pursuant to Fed. R. P. 41 and affirmed under oath the contents of this affidavit and application.

Date: **Aug 20, 2021**

Time: **10:58 AM, Aug 20, 2021**

        _/s/ Andrea K. Johnstone_
        The Honorable Andrea K. Johnstone
        United States Magistrate Judge